| DISTRICT | OFF | DOCKET NO. NUMBER | FILING DATE MO. DAY YEAR | J | NATURE SUIT | DIV. PTF | R DEF | $ DEMAND CTS DEMAND | JUDGE | MAG. | COUNTY | JURY DEM. | DOCKET YR. NUMBER |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1127 | 2 | 87T1185 N | 03 06 87 | 1 | 3 | 441 | | 1 | 2706 | | 01033 | | 87T1185N |

**CAUSE:**

| PLAINTIFFS | | DEFENDANTS |
|---|---|---|
| JOHN DILLARD; DAMASCUS CRITTENDEN, JR.; EARWEN FERRELL; CLARENCE J. JARRELLS; ULLYSSES MC BRIDE; and LOUIS HALL, JR. | v | COLBERT COUNTY BOARD OF EDUCATION |

**CAUSE**
(CITE THE U.S. CIVIL STATUTE UNDER WHICH THE CASE IS FILED AND WRITE A BRIEF STATEMENT OF CAUSE)

42 USC §§ 1973 and 1983; Alleged violation of Section 2 of Voting Rights Act thru use of at-large election system.

THOMPSON

**ATTORNEYS**

James U. Blacksher
465 Dauphin Street
Mobile, AL 36602
433-2000

5th Fl Title Bldg
300 21st St North
Birmingham, AL 35203
322-1100 (Per 9/1/88 Notice)

Larry Menefee
5th Floor, Title Bldg.
300 21st Street, N.
Birmingham, AL 35203
322-7300/7313 (Per 9/1/88 Notice)

Edward Still
REEVES & STILL
714 South 29th Street
Birmingham, AL 35233-2810
322-6631

Julius L. Chambers
Lani Guinier Scherlyn Ifill
Pamela Karlan (Per 9/1/88 Notice)
NAACP Legal Defense Fund
99 Hudson Street
16th Floor
New York, NY 10013 [212 219-1900]

Don Siegelman Jimmy Evans
Alabama Attorney General

Susan Russ Mort P. Ames
Assistant Attorney General
Office of Attorney General
Alabama State House
11 South Union Street
Montgomery, AL 36130
261-7406

David Boyd
BALCH & BINGHAM
P. O. Box 78
Montgomery, AL 36101
834-6500

Stanley Munsey
MUNSEY XX FORD & HEFLIN
110 East 5th Street P.O. Drawer 409
Tuscumbia, Al 35674
383-5953

| X CHECK HERE IF CASE WAS FILED IN FORMA PAUPERIS | FILING FEES PAID | | | STATISTICAL CARDS | |
|---|---|---|---|---|---|
| | DATE | RECEIPT NUMBER | C.D. NUMBER | CARD | DATE MAILED |
| | | | | JS-5 4/5/87 3/5/92 | |
| | | | | JS-6 5/5/88 2/5/93 | |

UNITED STATES DISTRICT COURT DOCKET

DC-111 (Rev: 1/87)

| DATE | NR. | PROCEEDINGS |
|------|-----|-------------|
|      |     | THIS CASE IS A DERIVATIVE OF 85-T-1332-N, JOHN DILLARD; et al. v. CRENSHAW COUNTY, ALABAMA, etc., et al.  FOR THE PURPOSE OF ORDERS THAT RELATE TO THIS CASE PRIOR TO 8/10/87 SEE DILLARD CASE FILE AND DOCKET SHEET. |

DC 111A
(Rev. 1/75)

CIVIL DOCKET CONTINUATION SHEET    (Atty Stanley E. Munsey)

| PLAINTIFF JOHN DILLARD, et al. | DEFENDANT CRENSHAW COUNTY, ALABAMA, etc., et al. RE: COLBERT COUNTY BOARD OF EDUCATION | 87-T-1185-N DOCKET NO. 85-T-1332-N PAGE ___ OF ____ PAGES |

| DATE 1987 | NR. | PROCEEDINGS |
|---|---|---|
| Aug. 10 | | Colbert County Board of Education's selection of defendant subclass Option B. Referred to Judge Thompson. (Cy furnished Magistrate Carroll.) |
| Sep. 14 | | ORDER as follows: (1) not later than 10/16/87 jurisdictions which are members of subclass B or subclass C and which have not prior to the date of this order submitted appropriate settlement documents to the court, shall comply with (a) or (b) as set out in this order; (2) by 11/6/87 the plaintiff class shall file responses to the proposed remedies filed by subclass B and C jurisdictions pursuant to paragraph 1(b). If the plaintiff class does not agree to the remedy proposed by a jurisdiction, they shall file their own proposed remedy, following the guidelines set out in paragraph 1(b); (3) trials for remedy questions will be scheduled at a later date. However, all jurisdictions which do not reach agreement with the plaintiff class on a remedy should be prepared to commence trial not later than 11/16/87; and (4) the Attorney General of the State of Alabama is DIRECTED to mail a copy of this order to all jurisdictions which are members of subclass B and C. (Copies mailed to counsel; furnished Magistrate Carroll.) EOD 9/14/87. |
| Oct. 16 | | Colbert's County Board of Education's remedy proposal. Referred to Judge Thompson. Exhibits Attached. (Maps--exhibits B & C--in separate expansion folder.) |
| | 20 | ORDER and JUDGMENT appointing Hon. Charles S. Coody, U. S. Magistrate, Middle District of Alabama, additional special master with same authorities and duties already given special master Carroll; DIRECTING counsel for Attorney General of the State of Alabama to mail copy of this order to all members of Subclasses B and C or their attorneys. (Copies mailed to counsel.) EOD 10/21/87. |
| | 30 | ORDER, subject to court's later consideration of any objections (1) decertifying subclasses B and C as members of defendant class action; directing clerk to assign separate civil action numbers to proceedings with respect to each jurisdiction in subclasses B and C; (2) directing that decertified proceedings shall continue as a class action as previously certified with respect to plaintiffs; (3) consolidating the separate actions with respect to the former members of subclasses B & C for purposes of carrying out the procedures prescribed by interim consent decree; directing that the Attorney General shall continue to serve as lead counsel for defendants and David Boyd shall continue to serve as liaison counsel for defendants; directing that procedures in paras. 9-20 of interim consent decree shall continue in force and effect for the consolicated actions; (4) directing that all prior orders in this action not inconsistent with this order shall remain in full force and effect; (5) directing that the Attorney General shall promptly furnish a copy of this order to all jurisdictions of subclass B or subclass C; directing that any objections to procedural changes ordered herein must be filed, detailed written statement, with the clerk not later than 11/13/87; hearing to be set by court on objections which warrant such a proceeding; (6) directing that unless the court receives some objection, this order shall take effect on 11/18/87 and no further order will be entered; directing that if no further order is entered before 11/18/87, the parties should assume that the court received no objections. (Copies mailed to counsel.) (Cy furnished Magistrates Carroll and Coody.) EOD 10/30/87. |
| Nov. 10 | | Plaintiffs' submission of remedy proposals. Referred to Judge Thompson. Copies furnished Magistrates Carroll and Coody. |

DC 111A
(Rev. 1/75)

### CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF | DEFENDANT | |
|---|---|---|
| JOHN DILLARD, et al | COLBERT COUNTY BOARD OF EDUCATION | DOCKET NO. 87-T-1185 |
| | | PAGE ____ OF ____ PAGES |

| DATE 1987 | NR. | PROCEEDINGS |
|---|---|---|
| Nov. 18 | | Affidavits of plaintiffs John Dillard, Damascus Crittenden, Jr., Earwan Ferrell, Jr., Clarence J. Jairrels, Dr. Ullysses McBride and Louis Hall, Jr. (in support of IFP status for consolidated cases 87-T-1150-N thru 87-T-1316-N.) |
| 18 | | ORDER that the plaintiffs are allowed to proceed in forma pauperis and without prepayment of filing fees in these cases (87-T-1150-N thru 87-T-1316-N), the court being of the opinion from the affidavits filed by the plaintiffs that they cannot afford the filing fees in these consolidated cases in the amount of $20,520.00. (Copies mailed to counsel.) (Copies furnished Magistrates Carroll and Coody.) EOD 11/18/87. |
| 25 | | Magistrate Carroll's ORDER setting this cause for **status conference** on **12/11/87** at 9:00 a.m., at U. S. Courthouse and Federal Building, Montgomery. Unless this case is settled prior to the date of the status conference and the court so notified, at the status conference the court will schedule and set dates and times during the week beginning 12/14/87 for hearings on contested remedial plans for subclass B members in accordance with the interim consent decree previously entered by this court. (Copies mailed to counsel.) EOD 11/30/87. |
| 25 | | Defendant's motion to strike answer an/or opposition to proposal. Referred to Judge Thompson. (Copies furnished Magistrats Carroll and Coody.) |
| Dec. 2 | | ORDER denied defendant' Colbert County Board of Education's 11/25/87 motion to strike, etc.; referring this cause back to U. S. Magistrate Carroll for further appropriate proceedings. (Copies mailed to counsel.) EOD 12/3/87. |
| 14 | | Received copy of Department of Justice's ltr to defendant re preclearance (request for additional infor). |
| 1988 Feb. 23 | | Magistrate Carroll's ORDER (1) setting a **hearing** on the remedy issue on **378/88** at 9:30 a.m., 4th floor courtroom, U. S. Courthouse and Federal Building, Montgomery, Alabama; and (2) directing that the parties inform the court, on or before 3/1/88, as to the suggested order of these hearings and the length of time of the hearings. (Copies mailed to counsel.) EOD 2/25/88. |
| 25 | | Defendant's motion to dismiss. Referred to Judge Thompson. |
| 25 | | Magistrate Carroll's ORDER that defendant file on or before 3/4/88 a brief in support of motion to dismiss. (Copies mailed to counsel.) |
| Mar. 2 | | Magistrate Carroll's ORDER setting a remedy **hearing** on Wednesday, 3/9/88 at 9:30 a.m., 4th floor courtroom, United States Courthosue and Federal Building, Montgomery. (Copies mailed to counsel.) EOD 3/3/88. |
| 3 | | Defendant's brief in support of motion to dismiss. Referred to Magistrate Carroll. |
| 9 | | **Remedy hearing.** |
| 9 | | Courtroom Deputy's minutes of 3/9/88 proceedings; witness list incorporated. |

DC 111A
(Rev. 1/75)

CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF | DEFENDANT | DOCKET NO. 87-T-1185-N |
|---|---|---|
| JOHN DILLARD, et al. | COLBERT COUNTY BOARD OF EDUCATION | PAGE 4 OF____ PAGES |

| DATE 1988 | NR. | PROCEEDINGS |
|---|---|---|
| Mar. 29 | | Magistrate Carroll's ORDER that a further **evidentiary hearing** be set for 4/1/88 at 2:00 p.m.  (Copies mailed to counsel.) EOD 3/29/88. |
| Apr. 1 | | **Hearing** - proposed settlement. (Magistrate Carroll.) |
| 1 | | Courtroom deputy's minutes of 4/1/88 hearing; list of witnesses attached. |
| 5 | | Magistrate Carroll's RECOMMENDATION that: 1. the plan proposed by the jurisdiction be rejected in its entirety; 2. the plan proposed by the plaintiffs be adopted and approved;  3. the schedule for conducting elections for school board members for the years 1988, 1990, and 1992 be the schedule agreed to by the parties; and 4. the Colbert County Board of Education, etc. be enjoined and restrained from failing to conduct elections for the Colbert County Board of Education under the plan presented by the plaintiffs. |
| 12 | | Parties' joint motion to order elections.  Referred to Judge Thompson. |
| 14 | C | JUDGMENT AND INJUNCTION and ORDER adopting the recommendation of the magistrate and (1) entering judgment in favor of plaintiffs and against defendant; (2) DECLARING that the at-large system used to elect the members of defendant Colbert County Board of Education violates § 2 of the Voting Righs Act of 1965, as amended, 42 USCA § 1973; (3) DECLARING that the single-members re-districing plan, consisting of 5 members, submitted by defendant is unacceptable under § 2 of the Voting Rights Act; (4) granting parties' 4/12/88 joint motion to order elections; (5) RESTRAINING and ENJOINING defendant, etc.: (A) from using its present at-large election system in any future elections; (B) from failing to implement, for the regularly scheduled party primaries and general elections in 1988, the modified single-member redistricting plan, consisting of 6 members, submitted by the plaintiffs; and (C) from failing to conduct elections for districts 2 and 4 in 1988, districts 3 and 5 in 1990, and districts 1 and 6 in 1992, with all positions to carry 6-year terms; and (6) directing that qualifying for the two 1988 seats of Colbert County Board of Education shall open immediately and remain open until 4/18/88 at 6:00 p.m. Further ORDERED that plaintiffs have and recover from defendant their reasonable attorney fees, and that plaintiffs are allowed until the completion of all _Dillard_ cases to file their request for attorney fees.  Further ORDERED that costs are hereby taxed against defendant and that plaintiffs are allowed until the completion of all _Dillard_ cases to file bill of costs.  The Clerk is DIRECTED to issue a writ of injunction.  (Copies mailed to counsel and defendant.) EOD 4/14/88. |
| 14 | | **Writ of Injunction** issued; copy of writ, together with 4/14/88 Judgment and Injunction, mailed by cmrrr to defendant Colbert county Board of Education. |
| 19 | | Return receipt showing service of 4/14/88 writ, etc.; service on M. Palmer on 4/18/88 for defendant Colbert County BOE. |
| 21 | | Plaintiffs' motion to extend qualifying deadline (filed as joint motion). Referred to Judge Thompson. |
| 22 | | Plaintiffs' motion for an award of attorneys fees and expenses, etc. Referred. |
| 22 | | Plaintiffs' motion to schedule plaintiffs' claim for fees and expenses. Referred. |

DC 111A
(Rev. 1/75)

CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF | DEFENDANT | |
|---|---|---|
| JOHN DILLARD: et al. | COLBERT COUNTY BOARD OF EDUCATION | DOCKET NO. 87-T-1185-N |
| | | PAGE 5 OF ____ PAGES |

| DATE 1988 | NR. | PROCEEDINGS |
|---|---|---|
| Apr. 25 | ⟋ | ORDER that parties' joint motion to extend qualifying deadline, filed 4/21/88, is granted as requested. (Copies mailed to counsel.) EOD 4/25/88. |
| 28 | | ORDER [CA Nos. 87-T-1150-N thru 87-T-1316-N, all Subclass B and C defendants-- except Baldwin County Board of Education and City of Lisman] as follows: 1. Liaison counsel shall receive all pleading, file all responses, and conduct all proceedings on behalf of the defendant jurisdictions relative to plaintiffs' motion for fees. 2. By 5/16/88 liaison shall provide all defendant jurisdictions with a summary of plaintiffs motion for fees and a copy of this order and shall notify those jurisdictions of their right to object to the motion for fees and shall provide the defendants with a general outline of a plan to apportion among the defendants the fees, etc., awarded to plaintiffs. 3. Any defendant jurisiction which wishes to object to plaintiffs' motion for fees shall by 5/30/88 provide liaison counsel with a statement of its objection. 4. On or before 6/10/88 liaison counsel shall file with the court any objections, along with evidentiary materials supporting such objections, etc. 5. By 6/24/88 plaintiffs shall file their brief in support of their motion for fees. 6. By 7/1/88 liaison counsel shall file on behalf of the defendant jurisdictions any reply brief. 7. A hearing on the plaintiffs motion for fees will be conducted on 7/8/88 at 10 a.m.; defendant jurisdictions to be represented by liaison counsel. 8. By 6/10/88 liaison counsel shall also file with the court a final proposal for apportionment among the defendant jurisdictions of the fees, etc., to be awarded by the court; copy to be sent to each jurisdiction; defendants which object to apportionment system shall advise liaison counsel by 6/24/88; liaison counsel shall advise the court of any such objections by 7/1/88; any objections to be considered at the 7/8/88 hearing. (Copies mailed to counsel.) EOD 4/29/88. |
| May 17 | | ORDER REGARDING ATTORNEY FEES AND EXPENSES (1) DIRECTING clerk to set up a single separate file and docket sheet for the issues of attorney fees and expenses; (2) directing that all pleadings and orders regarding the issues of attorney fees, etc., are to be filed in separate file; (3) directing that separate file is incorporated in, and made a part of, each and every file for civil action nos. 85-T-1332-N and 87-T-1150-N thru 87-T-1316-N; (4) directing that Clerk need serve copies of this order and all future orders regarding attorney fees, etc., on only counsel for plaintiffs, counsel for Alabama Attorney General, and liaison counsel; and (5) directing that counsel need file only one copy of pleadings with the court. (Copies mailed to counsel.) EOD 5/17/88. |
| Sep 1<br>1992 | | Plaintiffs' notice of attorneys' withdrawal (Menefee and Guinier) and substitution (Ifill substituted for Karlan). |
| Jan. 27 | | Plaintiffs' motion for additional relief with respect to redistricting and the 1992 elections. Referred to Judge Thompson. |
| Feb 6 | | ORDER that defendant jurisdictions show cause in writing, if any, as to why motion for additional relief, filed by plaintiffs on 1-27-92, should not be granted. (Copies mailed to counsel.) EOD: 2-7-92 |
| Feb. 14 | | Defendant's motion to strike show cause order or in the alternative, to compel plaintiffs to notice defendant. Referred to Judge Thommpson. |

DC 111A
(Rev. 1/75)

CIVIL DOCKET CONTINUATION SHEET (Atty. Stanley Munsey)

| PLAINTIFF | DEFENDANT | |
|---|---|---|
| JOHN DILLARD, et al. | COLBERT COUNTY BD. OF EDUCATION | DOCKET NO. 87-T-1185-N<br><br>PAGE 6 OF _____ PAGES |

| DATE<br>1992 | NR. | PROCEEDINGS |
|---|---|---|
| *<br>Feb. 26 | | Plaintiffs' **motion** to join attorney general as defendant.  Referred to Judge Thompson. |
| Mar. 2 | | **ORDER** that the State Attorney General show cause, if any, in writing within ten days as to why said motion to join Attorney General of Alabama as an additional defendant should not be granted. |
| *<br>Feb. 24 | | **ORDER** that David R. Boyd is removed as liaison counsel for defendant subclasses B and C; further **ORDERED** that Mort P. Ames, Deputy State Attorney General is appointed liaison counsel for defendant subclasses B and C; further **ORDERED** that no later than 03/06/92 plaintiffs and liaison counsel (1) shall meet with each other to develop procedures as to how the court should proceed in light of responses from defendant subclasses B and C, and (2) shall submit such procedures to the court. |
| Mar. 12 | | Attorney General James H. Evans' **response** in opposition to plaintiffs' motion to join.  Referred to Judge Thompson. |
| 20 | | **Proposal** of plaintiffs and liaison counsel.  Referred to Judge Thompson. |
| 30 | | Defendant's **response** to show cause order.  Referred to Judge Thompson. |
| Apr 9 | | ORDER adopting the following Status Groups of cases:  J - Jurisdiction claims no need to redistrict but has not provided sufficient data to pltfs or court; K - Jurisdiction claims no need to redistrict; has provided data on plan to pltfs; pltfs are reviewing plan; L - Jurisdiction admits need to redistrict, but has not provided sufficient data to pltfs or court; M - Jurisdiction admits need to redistrict; data provided; pltfs are reviewing plan; N - Jurisdiction says that it is checking data to see if it needs to redistrict; O - Jurisdiction has made no response to Court's order of 2-2-92; P - Jurisdiction's plan has been precleared by U. S. Dept. of Justice and pltfs have no objections; Q - Jurisdiction has made some other response; R - Pltfs have agreed to jurisdiction's plan; S - Pltfs object to jurisdiction's plan; T - Jurisdictions which contend the court should not be exercising jurisdiction over them, or which have reserved consideration of the jurisdictional issue; U - Jurisdictions which were already involved in the redistricting process prior to filing of motion for additional relief; further that any jurisdiction disputing its placement in its Status Group as set out in order should consult with pltfs' counsel first to resolve the matter; that all county commissions and school boards present a plan to the court (or otherwise respond) by 4-27-92; that Status Group J submit sufficient data to the court to allow pltfs to make a determination whether they oppose or support the jurisdiction's decision; that Status Group L submit sufficient data to the court to allow pltfs to make a determination whether they oppose or support the jurisdiction's decision; that those jurisdictions disputing the jurisdiction of the court to hear this matter should file their objections by the same date; that all municipalities submit a plan to the court by 5-8-92; that Status Groups J & L submit sufficient data to allow pltfs to make a determination whether they oppose<br><br>                                CONTINUED |

DC 111A
(Rev. 1/75)

## CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF | DEFENDANT | |
|---|---|---|
| JOHN DILLARD | COLBERT CO. BOE | DOCKET NO. 87-T-1185-N<br>7<br>PAGE ___ OF ___ PAGES |

| DATE<br>1992 | NR. | PROCEEDINGS |
|---|---|---|
| Apr 9 | | or support the jurisdiction's decision; that those jurisdictions which dispute the jurisdiction of the court to hear this matter should file their objections by the same date; that pltfs will review the plans of jurisdictions within 30 days and shall inform the court of their support or opposition; that if pltfs inform the court of their support or non-opposition to the plan of a jurisdiction the court will consider the plan as having been submitted for approval; that if pltfs inform the court of the opposition to a plan, the court will set the matter for an individual determination as further set out; that all documents filed with court be served upon Edward Still, James Blacksher and Mort Ames; that within 10 days of the date of this order liaison counsel will notify deft jurisdictions which have not responded to the 1-27-92 court order that they must show cause why pltfs' motion for additional relief should not be granted. (Copies mailed to counsel.) EOD 4-9-92. |
| 9 | | ORDER that pltfs' motion to join Atty. Gen. as a deft is denied. (Copies mailed to counsel.) EOD 4-9-92. |
| May 12 | | Plaintiff's **response** to jurisdiction's plan. Referred to Judge THompson. |
| **1993** | | |
| Jan. 19 | | Parties' joint **motion** for approval of settlement; referred to Judge Thompson. **GRANTED** 1-20-93 |
| 20 | | **ORDER** granting parties' joint motion for approval of settlement filed 1/19/93. (Copies mailed to counsel) **EOD** 1-20-93 |
| 20 | | **CONSENT DECREE** enjoining defendant, its agents, attorneys, and employees as further set out from conducting elections for the county board of education under present single-member district system; that elections for the county board of education shall be conducted from same single-member districts as used by the Colbert County Commission; that defendants submit this plan to the Justice Dept. for preclearance ; that this order may be modified at a later time if jurisdiction does not receive final approval of its settlement proposal; that the Court will entertain a motion for further relief from plaintiffs if defendants have not obtained preclearance by 5/1/93; that defendant inform the Court and plaintiffs of any correspondence it has received or shall receive from the U. S. Dept. of Justice relating to preclearance; that Court assesses a fee of $1,200 against the defendant for plaintiffs' attorneys fees; that defendant pay said sum to plaintiffs' attorneys by check payable to Edward Still; that the Court retains jurisdiction of this matter. (Copies mailed to counsel) **EOD** 1-20-93 |
| Apr. 1 | | Received copy of preclearance letter from U. S. Dept. of Justice by defendant; referred to Judge Thompson. |
| 21 | | Plaintiff's notice (letter form) of satisfaction of judgment for attorneys' fees; referred to Judge Thompson. |